**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 07-CR-0092-CVE |
| ) | (08-CV-0354-CVE-PJC) |
| CHRISTINA CAMILLE WILSON, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

This matter comes before the Court on defendant Christina Camille Wilson's ("Wilson") pro se motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, filed on June 16, 2008.[1]  Dkt. # 30.

Section 2255 provides that "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or law of the United States . . . or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255 (a).

### Background

On May 17, 2007, Wilson was charged in a three count information. Dkt. # 1.  Wilson was charged in count one with knowingly making materially false statements to a financial institution, (18 U.S.C. § 1014);  in count two with knowingly using a false social security number (42 U.S.C. § 408(g)(2)); and in count three with aggravated identity theft (18 U.S.C. § 1028A).

---

[1] As a preliminary matter, the Court finds that because resolution of Wilson's § 2255 petition requires consideration of matters set forth in her presentence report dated September 21, 2007, the Clerk shall be directed to file the presentence report of record under seal.

On May 24, 2007, Julie O'Connell, then an assistant Federal Public Defender, was appointed to represent Wilson. Dkt. # 6. On that same date, Wilson executed a waiver of prosecution by indictment ( Dkt. # 7) and was released on an unsecured appearance bond. Dkt. # 9. On June 17, 2007, attorney O'Connell moved to withdraw from the case based on a conflict of interest. Dkt. # 13. On June 19, 2007, Keith Ward, a Criminal Justice Act ("CJA") panel attorney, was appointed as Wilson's replacement counsel. Dkt. # 14.

Prior to the filing of the information in this case, Wilson had been charged in an earlier case in a one count indictment with bank fraud in violation of 18 U.S.C. § 1344. See, United States v. Christina Wilson, Case No. 06-CR-26-HDC. In that case Wilson, while working as an employee of First Data Corporation, retrieved information through the bank's computer regarding a Master Card account of a customer named Christina J. Wilson. Wilson changed the customer's mailing address and pin number, and increased the customer's credit limit to $15,000. Id. at Dkt. # 1. Wilson directed the Master Card to be sent to her stepmother's address, where she retrieved it and used it to purchase an automobile and a Dell computer, and to rent a U-Haul trailer. In that earlier case, the magistrate judge had appointed Paul Brunton, the Federal Public Defender, to represent Wilson. Id. at Dkt. # 5. Wilson waived trial by jury and entered a plea of guilty. Id. at Dkt. # 14. On July 31, 2006, Wilson was sentenced to a term of five years supervised release and ordered to pay restitution in the sum of $8,679.38. Id. at Dkt. # 19. Wilson's supervised release was revoked when Wilson was arrested on the information which is the subject of this order. On November 11, 2007, following revocation of supervised release in that case, Wilson was sentenced to a term of 6 months imprisonment. Id. at Dkt. # 46.

In the instant case, on June 21, 2007, Wilson waived trial by jury and pursuant to a written plea agreement entered a guilty plea to count three of the information. Dkt. # 19. The plea agreement contains Wilson's factual summary of the crimes that she committed:

> I, CHRISTINA CAMILLE WILSON, admit that I was employed in 2005 as an employee of Alorica Call Center ("Alorica"), Tulsa, Oklahoma. I used my Alorica computer to search the data base of credit card holders whose accounts Alorica services for various banks through Master Card. I found an account bearing the name of Christina J. Wilson who lived in New York State. I then retrieved the identifying information from that account, including the social security number ("SSAN") assigned to Christina J. Wilson. . . .
>
> On January 20, 2006, I applied for a loan to purchase an automobile, through Volvo Lincoln/Mercury of Tulsa, Oklahoma . . .with Compass Bank. . . . I made a false statement on the application for the loan. I supplied the SSAN assigned to Christina J. Wilson . . . to Compass Bank. I assumed Christina J. Wilson's identity by using her SSAN on the loan application. I knew I would not qualify for the loan if I had used my true, assigned SSAN since my credit history is very poor. . . . I knew that the statement as to my SSAN was false when I made it to Compass Bank, since that SSAN had not been assigned to me by the Secretary of the Department of Health and Human Services. I knew I was deceiving Compass Bank when I led them to believe I was the Christine J. Wilson with a good credit history by using her SSAN.
>
> The Compass Bank Loan was obtained through a hand written Ford Credit application Statement where I stated my SSAN was xxx-xx-. . . . The application to Compass Bank was for a loan in the amount of $13,125.00 to purchase a 2005 Chevrolet Malibu. . . I filled out the false application at the Lincoln Mercury Volvo of Tulsa dealership.
>
> In addition to the Compass Bank loan, I assumed the identity of Christina J. Wilson by using the SSAN assigned to her, to open . . . the following credit line amounts:
>
> | | | |
> |---|---|---|
> | Citi Financial Services (Furniture Factory Outlet), | February 2006 | $1,500.00 |
> | HSBC/Best Buy, | January 2006 | $1,800.00 |
> | Victoria's Secret, | February 2006 | $ 750.00 |

Dkt. # 19, Plea Agreement at 8-9. Wilson's intended monetary harm to her victims totaled $17,575. Id. at 5. Under the plea agreement, the government agreed: (1) not to initiate additional criminal charges against Wilson arising out of the same conduct, (2) to dismiss counts one and two of the

3

information, (3) to recommend a two-level reduction in offense level under United States Sentencing Guidelines ("U.S.S.G") § 3E1.1, and (4) to recommend an additional one-level reduction pursuant to U.S.S.G. § 3E1.1(b).  Dkt. # 19, Plea Agreement at 11.

As her obligation under the plea agreement, Wilson agreed: (1)  to the entry of a restitution order for the full amount of the victims' losses, (2) to stipulate  that there was a factual basis for the plea of guilty and to relieve the government of any further obligation to adduce such evidence,  (3) to admit that she knowingly, willfully and intentionally committed or caused to be committed the acts constituting the crimes alleged in count three of the information, and (4) to confess to the trial judge that she was, in fact, guilty of such crimes.  Wilson also knowingly and voluntarily waived her right to appeal or to collaterally attack her conviction and sentence pursuant to 28 U.S.C. § 2255, except for claims based on ineffective assistance of counsel which challenge the validity of her guilty plea or the waiver of her appellate and post-conviction rights.  Dkt. # 19, Plea Agreement at 3-9.

The presentence report detailed other benefits Wilson received by pleading guilty to count three in exchange for the dismissal of the remaining two counts in the information, as follows:

> Impact of Plea Agreement
> . . . . Had Wilson been convicted of Counts One and Two, violations of 18 U.S.C. § 1014 and 42 U.S.C. § 408(g)(2), respectively, the counts would have grouped under USSG § 3D1.2(d) and the applicable guideline range would have been USSG § 2B1.1. Because Count One has a statutory maximum term of imprisonment of  thirty years, the base offense level would have been seven. Wilson would have received a four-level enhancement because the loss exceeded $10,000 under USSG § 2B1.1(b)(1)(c). The Adjusted Offense Level would have been eleven. A two-level adjustment for acceptance of responsibility would have made the Total Offense Level 9 combined with a Criminal History Category of I to produce a guideline range of 4 to 10 months in Zone B of the Sentencing Table.  Count Three is a mandatory consecutive sentence of twenty-four months. Wilson's total sentencing range would have been 28 to 34 months. Additionally, the plea agreement does limit Wilson's exposure to further statutory penalties and Special Monetary Assessments.

Presentence Report dated 9/21/07 at 12.

4

On October 31, 2007, the trial judge sentenced Wilson on count three to 24 months imprisonment and restitution in the sum of $6,825.88 followed by a one year term of supervised release.[2] The 24 month term of imprisonment was to run consecutively to the six-month term of imprisonment Wilson received upon revocation of supervised release in United States v. Wilson, 06-CR-26-HDC. Dkt. # 26. Wilson did not file a direct appeal from her conviction.

On June 16, 2008, Wilson filed the § 2255 petition which is the subject of this order. Dkt. # 30. Wilson asserted four grounds for relief in her petition, with only the second ground addressing ineffective assistance of counsel. In response, the government moved to dismiss Wilson's § 2255 petition and to enforce the provision in the plea agreement where Wilson waived her right to collaterally attack her conviction and sentence. The government argued that Wilson's only claim that challenged her attorney's effectiveness was based on mere conclusory allegations and should be dismissed. Dkt. # 37. In reply, Wilson re-worded her four grounds for relief in the context of ineffective assistance of counsel, and encouraged the Court to proceed to the merits of her petition.[3] Dkt. # 38.

---

[2] Compass Bank repossessed the 2005 Chevrolet Malibu and re-sold the vehicle to mitigate loss. The amount of the restitution order is the actual economic loss to the victims of Wilson's criminal conduct. Presentence Report dated 9/21/07 at 5.

[3] Pro se pleadings are to be construed liberally by the courts. Hall v. Bellmon, 935 F.2d 1109-10 (10th Cir. 1991). Accordingly the Court accepts Wilson's reply pleading as an amendment to her § 2255 petition, even though it was not styled as a motion to amend and did not request the court to amend her earlier petition. A copy of her reply was sent to the government. Wilson filed her reply brief on September 22, 2008. Rule 15 of the Federal Rules of Civil Procedure governs a motion to amend a § 2255 motion if it is made before the one-year limitation period for filing a § 2255 motion has expired. See, United States v. Espinoza-Saenz, 235 F.3d 501, 505 (10th Cir. 2000). The judgment of conviction was entered on November 9, 2007, so Wilson's amended pleading was timely since it was filed prior to the expiration of the one-year limitation period. Rule 15(a) declares that leaves to amend "shall be freely given when justice so requires."

**Wilson's Grounds for Relief**

(1) Wilson contends her attorney Keith Ward coerced her into entering the plea agreement, in that her guilty plea to count three was unlawfully induced and involuntarily entered without her understanding the nature of the charge and the consequence of the plea. Dkt. # 30 at 4 and Dkt. # 38 at 3.

(2) Wilson contends her attorney Keith Ward was constitutionally ineffective in failing to advise her on the discovery of evidence and the facts of the plea agreement. Dkt. # 30 at 5.

(3) Wilson contends her prior attorney Paul Brunton was constitutionally ineffective because he failed to advise her to disclose all of her criminal activity before she entered her guilty plea in Case No. 06-CR-26-HDC to prevent this case from being filed against her. Dkt. # 30 at 7.

(4) Wilson contends her attorney Keith Ward was constitutionally ineffective because he failed to advise her that "knowingly possessing fraudulent identifying documents" was an element of the offense of conviction. Wilson contends that she possessed her own identifying documents therefore her conviction was obtained by insufficient and circumstantial evidence. Dkt. # 30 at 8.

**Government's Motion to Dismiss**

The government denies that Wilson has raised a valid claim of ineffective assistance of counsel and seeks the Court's enforcement of the following provision in the plea agreement:

> **3.    Appellate and Post-Conviction Waiver**
> In consideration of the promises and concessions made by the United States in this Plea Agreement, the defendant knowingly and voluntarily agrees to the following terms:
> . . .
> d.   The defendant waives the right to collaterally attack the conviction and sentence pursuant to 28 U.S.C. § 2255, except for claims based on ineffective assistance of counsel which challenges the validity of the guilty plea or this waiver.

Dkt. # 19, Plea Agreement at 3.

6

**Analysis**

"[A] waiver of collateral attack rights brought under § 2255 is generally enforceable where the waiver is expressly stated in the plea agreement and where both the plea and the waiver were knowingly and voluntarily made. " United States v. Cockerham, 237 F.3d 1179, 1183 (10th Cir. 2001), cert. denied, 534 U.S. 1085 (2002). However, a "plea agreement waiver of post conviction rights does not waive the right to bring a § 2255 petition based on ineffective assistance of counsel claims challenging the validity of the plea or the waiver." Id. at 1187. If a defendant files for post-conviction relief after a waiver of collateral attack has been executed, there are "two critical components to determining whether the right to collateral relief survives a waiver. The first is whether there is any basis for a claim of ineffective assistance of counsel, and the second is whether that ineffectiveness claim pertains to the validity of the plea." Id. The district court is to enforce the waiver of § 2255 rights expressly contained in a plea agreement "when the collateral attack does not challenge counsel's representation in negotiating or entering the plea or the waiver." Id.

Before the Court can address the applicability of the collateral relief waiver contained in Wilson's plea agreement, the Court must determine whether Wilson has asserted a meritorious claim of ineffective assistance of counsel and whether her claim relates to the negotiation or validity of her plea agreement.

To prevail on a claim of ineffective assistance of counsel, a defendant must show that counsel's performance was deficient and that the deficient performance was prejudicial. Strickland v. Washington, 466 U.S. 668, 687 (1984). A defendant can establish the first prong by "showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687. "When a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's

representation fell below an objective standard of reasonableness." Id. at 688. Review of counsel's performance must be highly deferential. Id. at 689.

To establish the second prong, a defendant must show prejudice resulting from counsel's performance. Strickland, 466 U.S. at 687. That is, the "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694; see also Lockhart v. Fretwell, 506 U.S. 364, 369-70 (1993).

As her first ground, Wilson contends attorney Ward coerced her into entering the plea agreement. She claims her plea of guilty to count three was unlawfully induced and involuntarily entered without her understanding the nature of the charge and the consequence of the plea. Dkt. # 30 at 4. Specifically, Wilson claims attorney Ward failed to inform her that the offenses charged in counts one and two were not valid offenses but were charged by the government solely to coerce her to enter a guilty plea to count three. Dkt. # 38 at 3. In her own words, Wilson states:

> I was coerced into a plea agreement under which the 2 charges that were dropped 18 U.S.C. § 1040, prior to April 2008 was under "Reserved" and post April 2008 is under "Fraud in Connection with Major Disaster or Emergency Benefits." AND 42 USC § 408 exist, however (g)(2) prior to and post April 2008, there is no (g)(2) amendment to this law. I am questioning the validity of these 2 charges that was used to coerce me into a lesser charge or sentence.

Dkt. # 30 at 4. In her reply, Wilson adds that her presentence report shows she was charged in count one with violation of 18 U.S.C. § 1040, rather than 18 U.S.C. § 1014 as shown on the face of the information. Dkt. # 38 at 1.

The Court finds no basis for Wilson's first claim of ineffective assistance of counsel. First, the offense charged in count one, False Statement to a Financial Institution, in violation of 18 U.S.C.

8

§ 1014, is correctly cited in the presentence report in paragraph "Part A. THE OFFENSE" and in paragraph "Part D SENTENCING OPTIONS." Presentence Report dated 9/21/07 at 4 and 7.

Second, count two sets forth a valid charge for the crime of Use of a False Social Security Number. Although Wilson correctly points out that the information mis-identified the statutory provision as being 42 U.S.C. § 408(g)(2), she incorrectly states that this provision had been repealed. In 1990, 42 U.S.C. § 408(g)(2) was in fact merely redesignated as 42 U.S.C. § 408(a)(7)(B) by Pub.L. 101-508 § 5121(b)(3), 104 Stat. 1388-283 (1990). Even though the statutory provision was renumbered, the substantive offense and penalty remained unchanged. Apparently due to scrivener's error, the government cited the outdated statutory provision in count two. The Court finds, however, that the scrivener's error did not invalidate the offense.

The Court finds that Wilson's unfounded allegation that counts one and two are invalid offenses does not support a claim of ineffective assistance of counsel. Nor do her allegations establish that she was coerced into entering the plea agreement. Additionally, Wilson can not show that she was prejudiced by the inclusion of the outdated citation in count two because (1) the substantive offense and penalty remained unchanged, (2) the trial judge granted government's request to dismiss count two, and (3) dismissal of count two and three reduced the maximum penalty that Wilson was otherwise facing.

Further the Court finds no merit in Wilson's claim that her plea of guilty was unlawfully induced and involuntarily entered without her understanding the nature of the charge and the consequence of the plea.[4] The record shows that Wilson knowingly and voluntarily entered her plea

---

[4] The Court has directed the court reporter to prepare a transcript of the change of plea hearing conducted by the trial judge on August 2, 2007. On November 19, 2008, the transcript was filed of record in this case. See Dkt. # 40.

9

of guilty to count three. During the change-of-plea colloquy, the trial judge asked Wilson whether her plea of guilty was being made freely and voluntarily. Wilson replied, "Yes." Dkt. # 40 at 7. Wilson represented to the trial judge that she had not been forced, coerced, or threatened to enter a plea of guilty. Dkt. # 40 at 8. The trial judge read to Wilson the facts charged in the information and asked if she understood what she was charged with in count three. Wilson replied, "Yes." Dkt. # 40 at 6. Inquiry was made whether Wilson was satisfied with the services of her counsel Keith Ward and whether she had adequate opportunity to consult with him regarding the plea hearing and all other matters in the case. Wilson replied, "Yes, sir." Dkt. # 40 at 12. The trial judge advised Wilson of the consequence of pleading guilty, that is, she was waiving trial by jury, all defenses and rights to challenge the validity of the charges, and any claim that she is not guilty. The judge also advised Wilson of the maximum penalty she was facing. Wilson indicated in each instance that she understood those consequences. Dkt. # 40 at 6 and 12.

After Wilson was placed under oath, the trial judge determined that Wilson understood the charges brought against her and she had knowledge of and admitted the factual basis to support her guilty plea. Dkt. # 40 at 13. The hearing transcript clearly refutes Wilson's claims that her guilty plea was unlawfully induced and involuntarily entered. Thus the Court finds that there is no basis for Wilson's first ground challenging the ineffective assistance of her counsel.

As her second ground, Wilson contends that after attorney Ward was appointed as replacement counsel, he had less than two months to conduct discovery and investigate the charges before she executed the plea agreement. As a consequence, Wilson contends counsel had insufficient time to advise her on the discovery evidence and the facts of the plea agreement. Dkt. # 30 at 5.

The Court finds not credible Wilson's claim that counsel failed to review with her the incriminating evidence received in discovery. The plea agreement signed by Wilson refutes her

allegations. Wilson disclosed the following concession in her plea agreement: "In regard to the factual basis required by Federal Rule of Criminal Procedure 11(b)(3), the defendant agrees and stipulates that there is a factual basis for the plea of guilty and relieves the United States of any further obligation to adduce evidence." Dkt. # 19, Plea Agreement at 8.  A significant purpose of a written plea agreement is to clearly set forth the facts known to the parties, bind those parties to their statements, and bring finality to the proceeding.

Moreover, Wilson fails to articulate what facts her counsel allegedly failed to discover. The only indication may be found in Wilson's fourth ground for relief wherein she claims her counsel was ineffective because he failed to advise her that "knowingly possessing fraudulent identifying documents" was an element of the offense of conviction. Wilson argues that because she used her own legitimate documents to identify herself as Christina Wilson, there was insufficient and circumstantial evidence supporting her conviction. The fallacy of her argument is that her knowing use of another person's social security number, with the intent to deceive, supports her conviction regardless of other legitimate documents she may have used in carrying out her unlawful scheme. In the plea agreement Wilson admitted each of the elements for conviction of count three, including that she "knowingly possessed and used without lawful authority, a means of identification of another person." Dkt. # 19 Pleas Agreement at 7. In this instance the "identification of another person" was the bank customer's social security number.

Wilson's sworn statement to the trial judge is further evidence of her awareness of the facts supporting her conviction. She testified:

> On or around January 20th, 2006 I applied for a loan to purchase an automobile through Volvo Lincoln Mercury of Tulsa, Oklahoma, located within the Northern District of Oklahoma with Compass Bank. At the time I applied for the loan, Compass Bank's deposits were insured by the Federal Deposit Insurance Corporation. I made a false statement on the application for the loan. I supplied the Social Security number assigned to Christina Wilson ending in 2596 to Compass Bank. I assumed Ms. Wilson's identity by using her Social Security number on a loan application. I knew that I would not qualify for a loan if I had used my true assigned Social Security number since my credit history was very poor.

Dkt. # 40 at 14. If Wilson now contends she was unaware of the facts supporting her guilty plea, she is essentially admitting to committing perjury in her statements to the trial judge. This unintended result is further evidence of its reliability. Thus, the Court finds no merit to Wilson's claim of the ineffective assistance of counsel alleged in her second and fourth grounds for relief nor do her unreliable contentions invalidate her guilty plea.

Finally Wilson challenges the effectiveness of attorney Paul Brunton, who was appointed as her counsel in Case No. 06-CR-26-HDC. Wilson claims that counsel Brunton failed to advise her to disclose all her criminal activity prior to pleading guilty in that case to preclude the government from filing the criminal charges in this case.

Wilson can not challenge in this case the conduct of counsel who was appointed to represent her in a prior criminal case. Any such allegations may only be brought in the case in which attorney Brunton was appointed to represent her. Thus, this ground for relief is also without merit.

The Court finds that Wilson's four grounds for ineffective assistance of counsel are not only without merit but also frivolous. The Court has reviewed the entire record in this case. The colloquy between Wilson and the trial judge during the plea hearing demonstrates that Wilson was fully cognizant of the offense to which she pled guilty. The pleadings and record establish that Wilson knowingly and voluntarily enter her guilty plea with full understanding of the consequences. Moreover, the impact of Wilson's plea agreement showed it was to her advantage to plead to count

three (the least penalty of the three offenses) and to admit her wrongdoing in order to receive the three-level reduction for acceptance of responsibility. Her agreement to enter the plea agreement is evidence that Wilson received sound legal advice.

Wilson contends that at the time she executed the waiver of post-conviction relief she was under duress, emotional distress, and on medication for depression. Dkt. # 38 at 4. Wilson claims she did not understand what she was doing or the applicable law or the rights she was waiving, but that instead she relied on her attorney's advice to her detriment. Id. Again, the record in this case refutes Wilson's allegation that her waiver of post-conviction rights was unknowing and involuntary. First, the plea agreement states that her post-conviction waiver was made "knowingly and voluntarily." Dkt. # 19 Plea Agreement at 3. At the plea hearing the trial judge directed Wilson's attention to her post-conviction waiver contained in the plea agreement and inquired whether she had gone over all of the provisions carefully with her attorney. Wilson responded, "Yes." Dkt. # 40 at 9. Wilson also advised the trial judge that she was fully cognizant, not under the influence of any drugs, medication, alcohol, or anything that might in any way affect her ability to fully understand and fully participate in the proceeding. Dkt. # 40 at 11. The Tenth Circuit instructs: "In determining whether a defendant's waiver of right to appeal is made knowingly and voluntarily, we consider (1) 'whether the language of the plea agreement states that the defendant entered the agreement knowingly and voluntarily' and (2) whether there is 'an adequate Federal Rule of Criminal Procedure 11 colloquy.' United States v. Robinson, 165 Fed. Appx. 690, 694 (10th Cir. 2006)(unpublished)[5] citing United States v. Hahn, 359 F.3d 1315, 1324 (10th Cir. 2004) cert. denied, 129 S.Ct. 212 (Oct. 6, 2008)(No. 08-5038). "The defendant bears the burden to present evidence from the record

---

[5]    Unpublished decisions are not precedential, but may be cited for their persuasive value. See, Fed. R. App. 32.1: 10th Cir. R. 32.1.

establishing that he did not understand the waiver." Id.   The Court finds that Wilson has failed to meet that burden.  Further, Wilson has failed to allege that any miscarriage of justice would result by the Court's enforcement of her waiver of post-conviction relief and the record fails to establish any such injustice.  Wilson confessed her guilt and she does not contend in her pleadings that she is actually innocent of the offense to which she plead guilty.

In consideration of the two components used to determine whether the right to collateral relief survives a waiver, the Court concludes first that Wilson has failed to set forth any basis for a claim of ineffective assistance of counsel, and second, that she has failed to show any conduct by her counsel which affected the validity of her guilty plea or her waiver of post-conviction relief.  Thus the Court finds and concludes that Wilson freely, knowingly, and voluntarily waived her right to seek collateral relief under § 2255 and, thus, her petition is subject to dismissal.

Accordingly, the Court grants government's request to enforce the provision for waiver of the right to seek collateral relief under § 2255.  The Court finds that Wilson freely and voluntarily negotiated a favorable plea agreement and that she is bound by the provisions contained therein.

Additionally, the Court finds and concludes that defendant Wilson has failed to show that the sentence imposed by the trial judge is unconstitutional requiring it to be vacated, set aside or corrected.  Section 2255 provides that the district court shall conduct a hearing unless the motion and records conclusively show that defendant is entitled to no relief.  In this case, the Court concludes that the record conclusively shows that defendant Wilson is entitled to no relief, and a hearing is unnecessary.

**IT IS HEREBY ORDERED** that:

1. The Clerk shall file the presentence reported dated September 21, 2007 of record under seal.

2. The government's request for enforcement of the waiver of collateral appeal (Dkt. # 37) is hereby **granted**.

3. Defendant's motion to vacate, set aside, or correct sentence by a person in federal custody (Dkt. # 30) is hereby **dismissed**.

4. A separate judgment is entered herewith.

**DATED** this 21st day of November, 2008.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT

15